The defendants' motion to strike the bill of complaint will be granted.
The 35 complainants, who were depositors of the defendant Clinton Trust Company on March 3d 1933, and who allege that they have not been paid in full, sue for all such depositors who shall come in and contribute to the expense of the suit. On the date mentioned, the Trust Company closed *Page 373 
its doors, hopelessly insolvent. A depositors' committee formulated a plan of reorganization, which was adopted by the company, approved by the Commissioner of Banking and Insurance, and put into effect May 7th, 1934. The company resumed operations and thereafter continued its business until December, 1947, when it sold its assets to Fidelity Union Trust Company, and dissolved. The complainants sue on the theory that when insolvency overtook the Trust Company 15 years ago, its assets became a trust fund for the benefit of depositors and other creditors, or at least the assets were charged with an equitable lien in their favor; that the holders of the common stock of the Trust Company had, and still have, no interest in the assets which belonged to the Trust Company on March 3d 1933, or in the proceeds thereof, or in other property which has been acquired in substitution for the old assets. Under the contract of sale, a part of the purchase price, representing such assets, will be paid by the Fidelity Union Trust Company to the stockholders of the Clinton Trust Company in violation of the alleged right of the complainants and other old depositors. To prevent this, the suit is brought.
Pursuant to the plan of reorganization adopted in 1934, the Trust Company obtained $400,000 new capital, namely, $250,000 from the Reconstruction Finance Corporation, for which it issued Class "A" preferred stock, and $150,000 from the old stockholders and others, for Class "B" preferred stock. It effected a settlement with its depositors whereby it made available to them as demand deposits in the reopened bank, 50% of their old deposits, issued to them Class "B" preferred stock for 25%, and obtained for them "participation certificates" of the Newark Mortgage Company in an amount equal to 25% of their deposits. The bill does not expressly show whether or not the complainants accepted the demand deposits, the preferred stock, and the participation certificates, but we may assume that they did, since their brief emphasizes that they do not challenge the plan of reorganization. The complainants take no exception with respect to the deposits which became available to them in the reopened bank, or with regard to the preferred stock. But their participation *Page 374 
in the Mortgage Company yielded only about 5% instead of 25% of the old debt, and they want to recoup the remaining 20% out of the fund that will otherwise go to the common stockholders.
It is apparent to me that complainants, as depositors as of March 3d 1933, have no interest in the assets of the Clinton Trust Company or in the money to be paid by the Fidelity Union Trust Company. They accepted in full satisfaction of whatever was due them in 1933, cash or its equivalent, and preferred stock and participation certificates.
Accord and satisfaction extinguishes the debt. While the receipt of part of an undisputed liquidated demand does not bar the creditor from recovering the remainder, yet if the creditor, pursuant to an accord, accepts in satisfaction something the debtor was not legally bound to do or to give, the prior obligation is discharged. Levine v. Blumenthal,117 N.J. Law 23. A satisfaction coming from a third party is a bar if the debtor has authorized the third party to act. Jackson v.Pennsylvania Railroad Co., 66 N.J. Law 319. The preferred stock of the Trust Company, and the participation certificates issued by the Mortgage Company, were something that the depositors had no legal right to demand. They had no right to the strengthening of their debtor's financial condition through the addition of $400,000 to its capital funds. The old debts due to complainants were discharged. The same result was reached on the basis of estoppel in Basen v. Clinton Trust Co., 115 N.J. Law 546.
The bill further shows that the Newark Mortgage Company was organized as an instrumentality of the Clinton Trust Company for the purpose of effectuating part of the plan of reorganization. All its capital stock was held by the Trust Company, and the boards of directors of the two companies were composed of the same persons. At the outset, the Trust Company transferred to the Mortgage Company assets of a book value of $980,743, but having an actual value much less than that. The plan of reorganization reads that the Trust Company "will have the right to substitute any of the assets which remain in its possession after the transfer of assets to the Holding Company." The bill charges that under *Page 375 
color of substitution, the Trust Company took from the Mortgage Company, between May, 1934, and April, 1939, good assets of a value of upward of $340,000 and substituted therefor worthless assets, thus enhancing the value of the common stock of the Trust Company at the expense of the holders of the participation certificates. While this may have been a breach of duty toward the certificate holders, I cannot definitely so determine, since their rights depend primarily on the terms of the certificates which constitute their contract, or perhaps declare a trust. These terms are not stated in the bill. Again, any cause of action based on the substitution of assets runs in favor of the certificate holders, and the bill does not allege that complainants hold certificates. Lastly, the Mortgage Company, or its trustees in dissolution, if it has been dissolved, would appear to be necessary parties. The bill cannot be sustained by the charge of wrongful substitution of assets.